IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SHEILA A. BAILEY,

      **Plaintiff,**

v.                                                       Case No. 2:16cv611

WESTMINSTER-CANTERBURY ON CHESAPEAKE BAY,

      **Defendant.**

## COMPLAINT

Sheila A. Bailey ("Plaintiff"), by counsel, files this Complaint and demands judgment against Westminster-Canterbury On Chesapeake Bay ("Defendant") on the grounds and in the amount set forth below.

### PRELIMINARY STATEMENT

1. This is a civil action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), for backpay, liquidated damages, and other appropriate relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 626 (ADEA).

3. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this district, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On July 8, 2016, Plaintiff filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC") against Defendant, a copy of which is attached hereto as Exhibit 1.

5. On July 18, 2016, the EEOC issued a Dismissal and Notice of Rights concern the Charge, a copy of which is attached hereto as Exhibit 2.

6. Plaintiff has filed this action within 90 days of received the aforementioned Dismissal and Notice of Rights.

7. Plaintiff has satisfied all procedural prerequisites to filing this action.

## PARTIES

8. Plaintiff is an individual residing in the City of Virginia Beach, Virginia. .

9. Defendant is a nonstock corporation organized an existing under the laws of the Commonwealth of Virginia, having its principal place of business in the City of Virginia Beach, Virginia. Defendant is engaged in the business of provided residential facilities and related services to senior individuals, and as such is engaged in an industry affecting commerce. Defendant employed 20 or more persons in the current or preceding calendar year. Defendant is am employer within the meaning of, and is covered by, the Age Discrimination in Employment Act.

## STATEMENT OF FACTS

10. Plaintiff is a registered dietician and has been practicing as a registered dietician since 2001.

11. Plaintiff began employment with Defendant on or about January 12, 2016 as a Dietician.

2

12. At the time Plaintiff began employment with Defendant, Plaintiff was 69 years old.

13. Throughout Plaintiff's employment with Defendant, Plaintiff performed her job duties competently and appropriately, and met all lawful and legitimate performance expectations of Defendant.

14. At the time Plaintiff was hired, Plaintiff's direct supervisor was Defendant's Nutrition Manager Alicia Smith ("Smith").

15. While Smith was Plaintiff's direct supervisor, Plaintiff received no negative evaluation of Plaintiff's job performance from Smith, McClung, or anyone else on behalf of Defendant, was advised of no deficiencies in Plaintiff's job performance by Smith, McClung, or anyone else on behalf of Defendant, and was subject to no disciplinary action by Smith, McClung, or anyone else on behalf of Defendant; to the contrary, Smith frequently complemented Plaintiff on Plaintiff's job performance, and A. J. (last name unknown), who was McClung's direct supervisor, also complemented Plaintiff on Plaintiff's job performance.

16. It was the policy and practice of Defendants to conduct a performance evaluation of employees including Plaintiff upon completion of the first 90 days of employment ("Introductory Performance Evaluation").

17. On or about April 8, 2016, Plaintiff received her Introductory Performance Evaluation by Smith.

18. In Plaintiff's Introductory Performance Evaluation by Smith, Plaintiff's job performance was found to be acceptable in all areas of measurement.

19. On or about April 22, 2016, Smith left her position as Nutrition Manager.

20. Upon Smith leaving her position as Nutrition Manager, Smith's position was vacant and Plaintiff reported directly to Valerie McClung ("McClung"), who before Smith left was Smith's immediate supervisor.

21. McClung assigned Plaintiff to perform many of the job duties previously performed by Smith as Nutrition Manager, although those job duties were not part of Plaintiff's job description.

22. While McClung was Plaintiff's direct supervisor, Plaintiff received no negative evaluation of Plaintiff's job performance from McClung or anyone else on behalf of Defendant; was advised of no deficiencies in Plaintiff's job performance by McClung or anyone else on behalf of Defendant; and was subject to no disciplinary action by McClung or anyone else on behalf of Defendant.

23. During June of 2016, Cara Blume ("Blume") began work in the Nutrition Manager previously occupied by Smith, and as such became Plaintiff's direct supervisor.

24. The age of Blume at that time is believed to be middle 40's.

25. While Plaintiff worked under Blume, Plaintiff performed Plaintiff's job duties in the same competent and appropriate manner as Plaintiff performed those job duties before Blume became Plaintiff's direct supervisor.

26. From the time Blume became Plaintiff's supervisor, Blume exhibited hostility and antagonism toward Plaintiff.

27. Blume did not exhibit such hostility and antagonism toward Plaintiff's coworkers who reported to Bloom, all of whom were, to the best of Plaintiff's knowledge, under 40 years of age.

28. Blume incorrectly believed that Plaintiff was too old to adequately perform Plaintiff's job duties, and desired that Plaintiff's employment be terminated and that Plaintiff be replaced by a substantially younger employee.

29. On June 10, 2016, Plaintiff met with Blume, McClung, and Lisa Sheppard ("Sheppard") (from Defendant's human resources department). At the meeting, Blume handed Plaintiff a document titled "Conversation Confirmer," a copy of which is attached hereto as Exhibit 3, and read the contents of the document to Plaintiff verbatim. Although it was titled "Conversation Confirmer," it did not confirm any prior conversation. Neither Blume, McClung nor Sheppard informed Plaintiff in that meeting of any job performance issues or concerns. Plaintiff did not understand the purpose for which she was being given the Conversation Confirmer. Plaintiff informed Blume, McClung, and Sheppard that Plaintiff felt she was being mistreated and targeted by Blume; Blume, McClung, and Sheppard said absolutely nothing in response.

30. On June 22, 2016, McClung informed Plaintiff that Plaintiff was suspended pending the results of an investigation concerning Plaintiff, and directed Plaintiff to meet her on June 23, 2016. McClung did not inform Plaintiff why Plaintiff was under investigation or why Plaintiff was suspended.

31. On June 23, 2016, Plaintiff meet with McClung, as directed on June 23, 2016. McClung requested Plaintiff to give Plaintiff's badge and key to McClung, and Plaintiff complied. McClung again did not inform Plaintiff why Plaintiff was under investigation or why Plaintiff was suspended.

32. During this "investigation," Defendant never asked Plaintiff for any information, and never informed Plaintiff what was being investigated.

33. On June 29, 2016, Blume informed Plaintiff by phone that Plaintiff's employment with Defendant was terminated and that a letter stating that had been mailed to Plaintiff.

34. On July 5, Plaintiff received from Defendant a letter dated June 27, 2016, a copy of which is attached hereto as Exhibit 4 ("Termination Letter").

35. The Termination Letter falsely stated, as grounds for termination of Plaintiff's employment, that Plaintiff missed meetings which Plaintiff in fact attended. This purported grounds for termination was a pretext for discrimination against Plaintiff on the basis of her age.

36. The Termination Letter falsely stated, as grounds for termination of Plaintiff's employment, that "we have a number of cases documented where your interaction was not consistent with our Values of Respect for each person and Professionalism in all we do." Defendant never informed Plaintiff what "cases" this refers to, and no such "cases" in fact exist. This purported grounds for termination was a pretext for discrimination against Plaintiff on the basis of her age.

37. The Termination Letter stated, as grounds for termination of Plaintiff's employment, that Plaintiff was not proficient at Health Medx, Google Docs, and the Calendar System, and that there was MDS reporting that was completed beyond the required date. Defendant did not inform Plaintiff of any of these purported issues before terminating her employment, and any lack of proficiency by Plaintiff in these electronic systems has little or no actual impact on Plaintiff's performance of her job duties. This purported grounds for termination was a pretext for discrimination against Plaintiff on the basis of her age.

38. The Termination Letter stated, as grounds for termination of Plaintiff's employment, that there was MDS reporting that was completed beyond the required date. Defendant did not inform Plaintiff of this purported issue before terminating her employment, and Plaintiff is not aware that any MDS reporting by her was late to any significant degree. This

6

purported grounds for termination was a pretext for discrimination against Plaintiff on the basis of her age.

39. Defendant terminated its employment of Plaintiff because of Plaintiff's age.

## COUNT 1

## DISCHARGE IN VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

40. The allegations set forth elsewhere in this Complaint are incorporated by reference into this Count as if fully set forth herein.

41. By terminating Plaintiff's employment on the basis of Plaintiff's age, Defendant discriminated against Plaintiff in violation of the Age Discrimination in Employment Act.

42. Defendant knew and showed reckless disregard for the fact that its termination of Plaintiff's employment was the product to discriminatory animus on the basis of Plaintiff's age in violation of the Discrimination in Employment Act, and Defendant's unlawful discrimination against Plaintiff on the basis of her age was in willful violation of the Age Discrimination in Employment Act. Difference in the conduct of Blume toward Plaintiff, compared to the conduct of Blume toward similarly situated employees who were under 40 years of age and/or substantially younger that Plaintiff, demonstrated discrimination by Blume against Plaintiff on the basis of Plaintiff's age. Furthermore, the deliberateness and recklessness of Defendant's unlawful discrimination against Plaintiff is underscored by the fact that Defendant is in the business of serving the senior community, and therefore is or should be attuned to the likelihood and pervasiveness of discrimination on the basis of age.

43. As a direct result of said unlawful and willful age discrimination, Plaintiff has been cause and will continue to be caused to suffer loss of employment, loss of wages, loss of employee benefits, and other losses, harms, and damages.

WHEREFORE, Plaintiff demands judgment against Defendant for willful violation of the Age Discrimination in Employment Act and the following relief:

a. Reinstatement to the job previously held by Plaintiff or alternative job for which Plaintiff is qualified with comparable pay, benefits, and other terms and conditions of employment, with full restoration of seniority;

b. Back pay in an amount to be determined at trial;

c. Front pay in an amount to be determined at trial;

d. Liquidated damages in an amount to be determined at trial;

e. All costs and expenses incurred by Plaintiff herein, including but not limited to reasonable attorney's fees;

f. Pre-judgment interest; and

g. Such other legal and equitable relief as the interests of justice may require as are permitted under the Age Discrimination in Employment Act.

Plaintiff demands TRIAL BY JURY.

SHEILA A. BAILEY

Raymond L. Hogge, Jr.
VSB No. 29445
Counsel for Sheila A. Bailey
Hogge Law
500 E. Plume Street, Suite 800
Norfolk, VA 23510
Tel: (757) 961-5400
Fax: (757) 962-5979
rayhogge@virginialaborlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**SHEILA A. BAILEY,**

    **Plaintiff,**

v.                                                      Case No. _____

**WESTMINSTER-CANTERBURY ON CHESAPEAKE BAY,**

    **Defendant.**

## COMPLAINT

Sheila A. Bailey ("Plaintiff"), by counsel, files this Complaint and demands judgment against Westminster-Canterbury On Chesapeake Bay ("Defendant") on the grounds and in the amount set forth below.

### PRELIMINARY STATEMENT

1. This is a civil action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), for backpay, liquidated damages, and other appropriate relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 626 (ADEA).

3. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this district, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On July 8, 2016, Plaintiff filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC") against Defendant, a copy of which is attached hereto as Exhibit 1.

5. On July 18, 2016, the EEOC issued a Dismissal and Notice of Rights concern the Charge, a copy of which is attached hereto as Exhibit 2.

6. Plaintiff has filed this action within 90 days of received the aforementioned Dismissal and Notice of Rights.

7. Plaintiff has satisfied all procedural prerequisites to filing this action.

## PARTIES

8. Plaintiff is an individual residing in the City of Virginia Beach, Virginia. .

9. Defendant is a nonstock corporation organized an existing under the laws of the Commonwealth of Virginia, having its principal place of business in the City of Virginia Beach, Virginia. Defendant is engaged in the business of provided residential facilities and related services to senior individuals, and as such is engaged in an industry affecting commerce. Defendant employed 20 or more persons in the current or preceding calendar year. Defendant is am employer within the meaning of, and is covered by, the Age Discrimination in Employment Act.

## STATEMENT OF FACTS

10. Plaintiff is a registered dietician and has been practicing as a registered dietician since 2001.

11. Plaintiff began employment with Defendant on or about January 12, 2016 as a Dietician.

2

12. At the time Plaintiff began employment with Defendant, Plaintiff was 69 years old.

13. Throughout Plaintiff's employment with Defendant, Plaintiff performed her job duties competently and appropriately, and met all lawful and legitimate performance expectations of Defendant.

14. At the time Plaintiff was hired, Plaintiff's direct supervisor was Defendant's Nutrition Manager Alicia Smith ("Smith").

15. While Smith was Plaintiff's direct supervisor, Plaintiff received no negative evaluation of Plaintiff's job performance from Smith, McClung, or anyone else on behalf of Defendant, was advised of no deficiencies in Plaintiff's job performance by Smith, McClung, or anyone else on behalf of Defendant, and was subject to no disciplinary action by Smith, McClung, or anyone else on behalf of Defendant; to the contrary, Smith frequently complemented Plaintiff on Plaintiff's job performance, and A. J. (last name unknown), who was McClung's direct supervisor, also complemented Plaintiff on Plaintiff's job performance.

16. It was the policy and practice of Defendants to conduct a performance evaluation of employees including Plaintiff upon completion of the first 90 days of employment ("Introductory Performance Evaluation").

17. On or about April 8, 2016, Plaintiff received her Introductory Performance Evaluation by Smith.

18. In Plaintiff's Introductory Performance Evaluation by Smith, Plaintiff's job performance was found to be acceptable in all areas of measurement.

19. On or about April 22, 2016, Smith left her position as Nutrition Manager.

20. Upon Smith leaving her position as Nutrition Manager, Smith's position was vacant and Plaintiff reported directly to Valerie McClung ("McClung"), who before Smith left was Smith's immediate supervisor.

21. McClung assigned Plaintiff to perform many of the job duties previously performed by Smith as Nutrition Manager, although those job duties were not part of Plaintiff's job description.

22. While McClung was Plaintiff's direct supervisor, Plaintiff received no negative evaluation of Plaintiff's job performance from McClung or anyone else on behalf of Defendant; was advised of no deficiencies in Plaintiff's job performance by McClung or anyone else on behalf of Defendant; and was subject to no disciplinary action by McClung or anyone else on behalf of Defendant.

23. During June of 2016, Cara Blume ("Blume") began work in the Nutrition Manager previously occupied by Smith, and as such became Plaintiff's direct supervisor.

24. The age of Blume at that time is believed to be middle 40's.

25. While Plaintiff worked under Blume, Plaintiff performed Plaintiff's job duties in the same competent and appropriate manner as Plaintiff performed those job duties before Blume became Plaintiff's direct supervisor.

26. From the time Blume became Plaintiff's supervisor, Blume exhibited hostility and antagonism toward Plaintiff.

27. Blume did not exhibit such hostility and antagonism toward Plaintiff's coworkers who reported to Bloom, all of whom were, to the best of Plaintiff's knowledge, under 40 years of age.

28. Blume incorrectly believed that Plaintiff was too old to adequately perform Plaintiff's job duties, and desired that Plaintiff's employment be terminated and that Plaintiff be replaced by a substantially younger employee.

29. On June 10, 2016, Plaintiff met with Blume, McClung, and Lisa Sheppard ("Sheppard") (from Defendant's human resources department). At the meeting, Blume handed Plaintiff a document titled "Conversation Confirmer," a copy of which is attached hereto as Exhibit 3, and read the contents of the document to Plaintiff verbatim. Although it was titled "Conversation Confirmer," it did not confirm any prior conversation. Neither Blume, McClung nor Sheppard informed Plaintiff in that meeting of any job performance issues or concerns. Plaintiff did not understand the purpose for which she was being given the Conversation Confirmer. Plaintiff informed Blume, McClung, and Sheppard that Plaintiff felt she was being mistreated and targeted by Blume; Blume, McClung, and Sheppard said absolutely nothing in response.

30. On June 22, 2016, McClung informed Plaintiff that Plaintiff was suspended pending the results of an investigation concerning Plaintiff, and directed Plaintiff to meet her on June 23, 2016. McClung did not inform Plaintiff why Plaintiff was under investigation or why Plaintiff was suspended.

31. On June 23, 2016, Plaintiff meet with McClung, as directed on June 23, 2016. McClung requested Plaintiff to give Plaintiff's badge and key to McClung, and Plaintiff complied. McClung again did not inform Plaintiff why Plaintiff was under investigation or why Plaintiff was suspended.

32. During this "investigation," Defendant never asked Plaintiff for any information, and never informed Plaintiff what was being investigated.

33. On June 29, 2016, Blume informed Plaintiff by phone that Plaintiff's employment with Defendant was terminated and that a letter stating that had been mailed to Plaintiff.

34. On July 5, Plaintiff received from Defendant a letter dated June 27, 2016, a copy of which is attached hereto as Exhibit 4 ("Termination Letter").

35. The Termination Letter falsely stated, as grounds for termination of Plaintiff's employment, that Plaintiff missed meetings which Plaintiff in fact attended. This purported grounds for termination was a pretext for discrimination against Plaintiff on the basis of her age.

36. The Termination Letter falsely stated, as grounds for termination of Plaintiff's employment, that "we have a number of cases documented where your interaction was not consistent with our Values of Respect for each person and Professionalism in all we do." Defendant never informed Plaintiff what "cases" this refers to, and no such "cases" in fact exist. This purported grounds for termination was a pretext for discrimination against Plaintiff on the basis of her age.

37. The Termination Letter stated, as grounds for termination of Plaintiff's employment, that Plaintiff was not proficient at Health Medx, Google Docs, and the Calendar System, and that there was MDS reporting that was completed beyond the required date. Defendant did not inform Plaintiff of any of these purported issues before terminating her employment, and any lack of proficiency by Plaintiff in these electronic systems has little or no actual impact on Plaintiff's performance of her job duties. This purported grounds for termination was a pretext for discrimination against Plaintiff on the basis of her age.

38. The Termination Letter stated, as grounds for termination of Plaintiff's employment, that there was MDS reporting that was completed beyond the required date. Defendant did not inform Plaintiff of this purported issue before terminating her employment, and Plaintiff is not aware that any MDS reporting by her was late to any significant degree. This

6

purported grounds for termination was a pretext for discrimination against Plaintiff on the basis of her age.

39. Defendant terminated its employment of Plaintiff because of Plaintiff's age.

## COUNT 1

## DISCHARGE IN VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

40. The allegations set forth elsewhere in this Complaint are incorporated by reference into this Count as if fully set forth herein.

41. By terminating Plaintiff's employment on the basis of Plaintiff's age, Defendant discriminated against Plaintiff in violation of the Age Discrimination in Employment Act.

42. Defendant knew and showed reckless disregard for the fact that its termination of Plaintiff's employment was the product to discriminatory animus on the basis of Plaintiff's age in violation of the Discrimination in Employment Act, and Defendant's unlawful discrimination against Plaintiff on the basis of her age was in willful violation of the Age Discrimination in Employment Act. Difference in the conduct of Blume toward Plaintiff, compared to the conduct of Blume toward similarly situated employees who were under 40 years of age and/or substantially younger that Plaintiff, demonstrated discrimination by Blume against Plaintiff on the basis of Plaintiff's age. Furthermore, the deliberateness and recklessness of Defendant's unlawful discrimination against Plaintiff is underscored by the fact that Defendant is in the business of serving the senior community, and therefore is or should be attuned to the likelihood and pervasiveness of discrimination on the basis of age.

43. As a direct result of said unlawful and willful age discrimination, Plaintiff has been cause and will continue to be caused to suffer loss of employment, loss of wages, loss of employee benefits, and other losses, harms, and damages.

7

WHEREFORE, Plaintiff demands judgment against Defendant for willful violation of the Age Discrimination in Employment Act and the following relief:

a. Reinstatement to the job previously held by Plaintiff or alternative job for which Plaintiff is qualified with comparable pay, benefits, and other terms and conditions of employment, with full restoration of seniority;

b. Back pay in an amount to be determined at trial;

c. Front pay in an amount to be determined at trial;

d. Liquidated damages in an amount to be determined at trial;

e. All costs and expenses incurred by Plaintiff herein, including but not limited to reasonable attorney's fees;

f. Pre-judgment interest; and

g. Such other legal and equitable relief as the interests of justice may require as are permitted under the Age Discrimination in Employment Act.

Plaintiff demands TRIAL BY JURY.

SHEILA A. BAILEY

By: *[signature]*
Raymond L. Hogge, Jr.
VSB No. 29445
Counsel for Sheila A. Bailey
Hogge Law
500 E. Plume Street, Suite 800
Norfolk, VA 23510
Tel: (757) 961-5400
Fax: (757) 962-5979
rayhogge@virginialaborlaw.com